# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JULIUS ELMO MONTGOMERY,

    Plaintiff,

    v.

MICHAEL CAPASSO,

    Defendant.

Civil Action No.:  ELH-21-451

## MEMORANDUM

Julius Elmo Montgomery, plaintiff, filed suit on February 22, 2021.  He did not pay the $402 filing fee, nor did he file a Motion for Leave to Proceed in Forma Pauperis.  Before the case may proceed, plaintiff will be required to correct the oversight.  Additionally, for the reasons stated below, plaintiff will be granted leave to amend his Complaint.

The Court has reviewed the Complaint (ECF 1) and the attachments to the Complaint.  *See* ECF 1-1 to ECF 1-8.  In sum, plaintiff seeks to bring a § 1983 claim, alleging that he was assaulted and falsely imprisoned at Harford County Detention Center in Bel Air, Maryland (the "Detention Center").

Plaintiff states that on July 25, 2020, he was assaulted by "Liqouri Stith, 'Deputy'/'Sheriff'…" in the T-Dorm, asserting that he was "clawed accross [sic] the face, gouged in both of [his] eyes."  ECF 1-2 at 1-2; ECF 1-7 at 3-4.  Additionally, plaintiff states that Deputy Mullins sprayed him with a chemical substance, causing his skin to burn.  ECF 1-7 at 4.  Further, he asserts that Warden Michael Capasso illegally detained him at the Detention Center.  *Id.* at 2.

Many of plaintiff's allegations are contained in the attachments to the Complaint.  The Complaint itself contains minimal facts and indecipherable language, and consists primarily of

disjointed citations to the Administrative Procedure Act, the United States Constitution, the Bill of Rights, anti-peonage statutes, and the American Convention on Human Rights. *See* ECF 1. Plaintiff's attachments include a UCC Financing Statement and documents seeking answers from Warden Capasso and Deputy Stith in response to "proofs of claim." *See* ECF 1-3, 1-6, 1-8. Plaintiff seeks $24 million in damages. ECF 1 at 5.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought.

Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The Court has thoroughly examined the Complaint and exhibits and finds they do not comply with federal pleading requirements and fail to state a cause of action. The Court recognizes that plaintiff proceeds pro se. However, instead of a concise statement of facts as to the underlying cause of action, the Complaint and its exhibits are replete with statements and conclusions that are

difficult to discern.    To illustrate, plaintiff describes himself as a "Secured Party-Creditor/trustee/Bailee" and he asserts that defendant may not "conspire to engage in a scheme of unjust enrichment or a Declaration of War . . . ."   ECF 1 at 4.   It is well settled that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

Plaintiff shall be afforded the opportunity to amend the Complaint to provide brief, concise, and clear factual allegations in compliance with Fed. R. Civ. P. 8(a).  Plaintiff should identify the specific individuals he seeks to name as the defendants in this action, and describe to the best of his ability the alleged wrongdoing for which each defendant is responsible.  Additionally, plaintiff must provide the dates of the alleged incidents, any details supporting his claim, what harm, if any, he suffered as a result, and the relief he seeks from the court.

Plaintiff is advised that an amended complaint will replace the original complaint in this matter.  The general rule is that "an amended pleading ordinarily supersedes the original and renders it of no legal effect."  *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint).  Therefore, plaintiff's amended complaint must include all the allegations against each of the named defendants regarding the claims he seeks to raise in the amended complaint, so that the amended complaint may stand alone as the sole complaint in this action, which the defendants must answer.

An Order follows.

Date:  March 19, 2021

_____/s/_____
Ellen L. Hollander
United States District Judge